ROBERT R. RONNE, ESQ. (SBN 092884)
LAW OFFICE OF ROBERT R. RONNE, APC
840 Apollo Street, Suite 307
El Segundo, California 90245
Telephone: (310) 322-1696
Facsimile: (310) 322-3039
E-mail: rrr55@sbcglobal.net

Attorney for Plaintiff Edgardo Seminiano

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGARDO SEMINIANO, | CASE NO: CV 10-01673-JST (JEMx) |
| Plaintiff, | NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES |
| vs. | |
| XYRIS ENTERPRISE, INC.; ATKINSON CARE HOME; MUQUET DADABHOY; AND TERESITA CASTANEDA, | DATE: JANUARY 3, 2011 TIME: 10:00 A.M. COURTROOM: 10A |
| Defendants. | JUDGE: HONORABLE JOSEPHINE STATON TUCKER |

TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT on January 3, 2011, at 10:00 a.m. or as soon thereafter as counsel may be heard, in Courtroom 10A of the above-entitled Court, located at 411 West Fourth Street, Santa Ana, CA 92701, Plaintiff Edgardo Seminiano will, and hereby does, move the Court for an order granting summary judgment on the complaint in favor of Plaintiff Edgardo Seminiano and against Defendants Muquet Dadabhoy, Teresita Castaneda, Atkinson Care Home and Xyris Enterprise, Inc.

The motion is made pursuant to Rule 56 of the Federal Rules of Civil Procedure on the ground that the ground that there are no triable issues of material fact and that, as a matter of law, Plaintiff Edgardo Seminiano is entitled to judgment in his favor against Defendants Muquet Dadabhoy, Teresita Castaneda, Atkinson Care Home and Xyris Enterprise, Inc., and each of them.

The motion is based upon this notice, the attached memorandum of points and authorities, the proposed Separate Statement of Uncontroverted Facts and Conclusions of Law filed concurrently with these papers, the proposed Judgment filed concurrently with these papers, the declaration of Dennis W. Rihn and attached exhibits filed concurrently with these papers, the pleadings on file in this action, and upon such further evidence and argument as may be presented at or before the hearing on this matter.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 on November 2, 2010.

Date: November 17, 2010　　　　　　　LAW OFFICE OF ROBERT R. RONNE, APC


　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　ROBERT R. RONNE, ATTORNEY FOR
　　　　　　　　　　　　　　　　　　　　PLAINTIFF EDGARDO SEMINIANO

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

From approximately July 29, 2008, until December 2, 2009, Plaintiff Edgardo Seminiano was employed by Defendants as a caregiver at Atkinson Care Home, a licensed residential care facility for the elderly.

During his employment, Defendants required Mr. Seminiano to remain on duty at the facility at least 111 hours per week. Some weeks, Plaintiff was required to remain on duty at the facility 143 hours.

Despite his long periods of duty, Defendants paid Mr. Seminiano no overtime compensation. Instead, he was paid a modest salary of only $1800.00 per month.

In this action, Mr. Seminiano seeks unpaid minimum wage, unpaid overtime compensation, compensation for meal and rest periods, liquidated damages, penalties and prejudgment interest.

## II. DEFENDANTS HAVE ADMITTED FACTS WHICH REQUIRE JUDGMENT IN FAVOR OF PLAINTIFF.

On August 9, 2010, Plaintiff's counsel propounded a request for admissions to each Defendant. (See Exhibits A-D.) By such discovery, Defendants were requested to admit each of the material uncontroverted facts stated in the Separate Statement of Uncontroverted Facts and Conclusions of Law. (See Exhibits A-D.)

Defendants never responded to any of those requests for admissions. (See Declaration of Dennis W. Rihn, paragraphs 2-3.) Accordingly, all the requests have been admitted by operation of law. Rule 36(a)(3) of the Federal Rules of Civil Procedure provides in pertinent part:

> "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."

Having admitted the material facts which require judgment in favor of Mr. Seminiano, the Court should properly grant summary judgment in this action.

III. **CONCLUSION**

The admissions Defendants have made conclusively establish Plaintiff's right to judgment in this action. Accordingly, summary judgment should be granted.

Date: November 17, 2010  LAW OFFICE OF ROBERT R. RONNE, APC

By: _____
ROBERT R. RONNE, ATTORNEY FOR
PLAINTIFF EDGARDO SEMINIANO