Amy Ghosh, SBN # 201701
Law Offices of Amy Ghosh
3255 Wilshire Blvd., Suite #1530
Los Angeles, CA 90010
Phone: 213-365-2370
Fax: 213-389-6931
Email: amygesq@gmail.com

Attorney for Defendants:
XYRIS ENTERPRISE, INC;
ATKINSON CARE HOME;
MUQUET DADABHOY;
TERESITA CASTANEDA

UNITED STATES DISTRCIT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDGARDO SEMINIANO | ) | CASE NO.: CV10 1673 PSG (JEMx) |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS' OPPOSITION TO** |
| | ) | **PLAINTIFF'S MOTION FOR** |
| vs. | ) | **SUMMARY JUDGMENT** |
| | ) | |
| XYRIS ENTERPRISE, INC; | ) | **Date: Jan 03, 2010** |
| ATKINSON CARE HOME; | ) | **Time: 11:00 a.m.** |
| MUQUET DADABHOY; | ) | **Dept: 10A** |
| TERESITA CASTANEDA, | ) | **Judge: Honorable J. Tucker** |
| | ) | |
| Defendants | ) | |

TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT DEFENANTS hereby submit an OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.

With this Opposition and pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants today file a Statement contravening statements contained in Plaintiff's Rule 56 Proposed Statements of Uncontroverted Facts and Conclusions of Law.  Defendants submit that Plaintiff is not entitled to summary judgment at this time as this statement sets forth specific facts showing that there are genuine disputes as to material facts, thereby necessitating a trial.

Plaintiff's Motion rests entirely on his requests for admissions being admitted by operation of law, and nothing else.  However, Counsel for Defendants did not receive any requests for admissions from Plaintiff's Counsel.  There being defective service on Defendants,

the matters stated in Plaintiff's requests for admissions are not automatically deemed admitted by operation of Rule 36(a)(3) of the Federal Rules of Civil Procedure.

This Opposition is based upon the attached Memorandum, Exhibits, Defendants' Separate Statement of Uncontroverted Facts and Conclusions of Law, Declaration of Muquet Dadabhoy, Declaration of Amy Ghosh, the pleadings on file in this action, and upon such further evidence and argument as may be presented at or before the hearing on this matter.

Defendants hereby urge the court to deny Plaintiff's motion for summary judgment.


Dated: December 07, 2010                    Respectfully Submitted,


                                            By: AMY GHOSH_____

                                            AMY GHOSH, ATTORNEY FOR DEFENDANTS

**STATEMENT OF FACTS**

On March 8, 2010 Plaintiff filed his complaint in this matter.  (*Docket item #1*).  On April 14, 2010, Defendants filed an answer to same.  (*Docket item #6*).  On or about August 7, 2010, Defendants submitted their Initial Disclosure to Plaintiff.  (*Declaration of Amy Ghosh*).     A deposition was scheduled for August 12, but had to be continued to a later date because Defendant Dadabhoy had a family emergency.  (*Declaration of Amy Ghosh; Declaration of Muquet Dadabhoy*).  The deposition was also postponed because Defendants' Counsel was out of the country, and she informed Plaintiff's Counsel of this fact on or about August 4.

At some point in August or September, Plaintiff, on his own, contacted Defendants to negotiate an out-of-court settlement of the matter.  (*Declaration of Muquet Dadabhoy*).  Plaintiff's Counsel knew Plaintiff wanted to settle, and had been placing a great deal of pressure on him not to do so.  (*Declaration of Muquet Dadabhoy*).  Plaintiff was told not to speak with Defendants or a mutual acquaintance listed in Defendants' Initial Disclosure.  (*Declaration of Muquet Dadabhoy*).  However, a few days before the scheduled deposition, Plaintiff and Defendant Dadhaboy spoke over the phone, at which point Plaintiff said that he had made up his mind and wanted to settle.  (*Declaration of Muquet Dadabhoy*).  The next day Plaintiff called Defendants and made arrangements to meet them at a local Filipino restaurant.  (*Declaration of Muquet Dadabhoy*).  They met and had a meal together amiably.  (*Declaration of Muquet Dadabhoy*).  By the end of the meal, Plaintiff had agreed to settle the matter for $12,000.  (*Declaration of Muquet Dadabhoy*).  Plaintiff did not want to involve his own attorney, he wanted to resolve the matter outside of the court, so neither of them involved their attorneys, instead using the services of a paralegal.  (*Declaration of Muquet Dadabhoy*).

A few days before the scheduled deposition, Plaintiff told his attorney that he had settled with Defendants.  (*Declaration of Muquet Dadabhoy*).  On or about September 29, Plaintiff's

Opposition to Plaintiff's Motion for Summary Judgment

3

Counsel received a letter from his client stating that he wished to return to the Philippines and no longer wanted to pursue the case.  (*Unilateral Report of Counsel for Plaintiff*).  In the midst of all this, the September 30 deposition was unilaterally cancelled by Plaintiff's attorney without an explanation.  (*Declaration of Amy Ghosh*).

On November 2, Defendant's Counsel received a phone call from Plaintiff's attorney Robert Ronne.  (*Declaration of Amy Ghosh*).  During this conversation Defendnant's Counsel offered to engage in settlement discussions face-to-face, with all the parties, however this offer was explicitly refused.  (*Declaration of Amy Ghosh*).   The telephone conversation concluded with the understanding that Mr. Ronne was to call the settlement office and set a date for settlement negotiations.  (*Declaration of Amy Ghosh*).

At no point in time did Defendants nor their Counsel receive any requests for admissions from Plaintiff's Counsel, any correspondences mentioning outstanding requests, nor any correspondence attempting to meet and confer with regard to any requests for admissions. (*Declaration of Amy Ghosh*).

## ARGUMENT

### I.  THE MOTION DOES NOT REST ON SUFFICIENT FACTUAL BASIS.

The Federal Rules of Civil Procedure state that a court should not grant summary judgment unless the *movant shows* that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  FRCP 56(a).  In this case, **Plaintiff's Motion for Summary Judgment rests entirely on his requests for admissions being admitted by operation of law, and nothing else.**  However, Counsel for Defendants did not receive any requests for admissions from Plaintiff's Counsel, nor any correspondence attempting to meet and confer with regard to any requests for admissions.   (*Declaration of Amy Ghosh*).

There being failure of service on Defendants, the matters stated in Plaintiff's requests for admissions are not automatically deemed admitted by operation of Rule 36(a)(3) of the Federal Rules of Civil Procedure.  Therefore, movant has failed to make the requisite showing.

A.  FRCP 36(a)(3) does not apply to deem admitted any alleged requests for admissions matters because of failure of service.

The Federal Rules of Civil Procedure provide that a matter is admitted within 30 days *after being served*, if the party receiving the request fails to submit a written answer or objection addressed to the matter and signed by the party or its attorney.  (FRCP 36(a)(3)).

Counsel for Defendants did not receive any requests for admissions from Plaintiff's Counsel, nor any correspondence attempting to meet and confer with regard to any requests for admissions.  (*Declaration of Amy Ghosh*).  The Motion for Summary Judgment was the first time any requests for admissions were proffered to Defense, and the Motion was filed on November 17, 2010.  In fact, it is not clear whether the alleged requests for admissions were actually ever made, or that they were mailed on August 9, as Plaintiff's Counsel has provided any proof that such discovery requests were mailed to or received by Defense around that date.  **Therefore, due to failure of service on Defendants, the matters stated in Plaintiff's requests for admissions are *not* automatically deemed admitted by operation of Rule 36(a)(3) of the Federal Rules of Civil Procedure.**  This leaves an insufficient factual basis on which to grant a summary judgment motion.

B.  In the alternative, pursuant to FRCP 36(b), in the interest of promoting the presentation of the merits of the action, the Court should not deem the matters stated in the alleged requests for admissions to be admitted.

The Federal Rules of Civil Procedure provide that the Court may permit withdrawal or amendment of deemed admissions if it would promote the presentation of the merits of the action

and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.  (FRCP 36(b)).

> 1.  *The failure to timely respond to the requests was due to the Defendants' never receiving the requests, and not due to "conscious indifference."*

Although Plaintiff's Counsel claims to have made requests for admissions on August 9, 2010, Counsel for Defendants did not receive any requests for admissions from Plaintiff's Counsel, nor any correspondence attempting to meet and confer with regard to any requests for admissions.  (*Declaration of Amy Ghosh*).  Moreover, **because Defendants had not received any such discovery requests, Defendants' Counsel did not file a request to the court or seek an agreement from opposing counsel for continuance of the 30-day period for admissions requests.**

> 2.  *Defendants and Defendants' Counsel have cooperated with all disclosure and discovery requests they received to date, and at the time the alleged requests for admissions, Plaintiff's Counsel already had in his possession documentation clearly disputing Plaintiff's allegations about compensation and hours worked, which allegations were reiterated and asserted in the alleged requests for admissions.*

Plaintiff's Counsel alleges that he propounded written discovery to Defendants, including requests for admissions, however no such discovery requests were ever received.  Further, in prior pleadings to the Court, Plaintiff's Counsel paints a picture in which Defendants and their Counsel were uncooperative.  (*Unilateral Report of Plaintiff's Counsel*).  However Defendants and Defendants' Counsel have cooperated with all disclosure requirements and discovery requests they have received to date.  (*Declaration of Amy Ghosh*).

On or about August 7, Defendants made their Initial Disclosure in which they denied the hours actually worked by Plaintiff as wells as the amount of compensation received by Plaintiff.

Defendants included with their response to the interrogatories, copies of paystubs and timesheets that clearly dispute the allegations about work hours and compensation found in the Complaint. Plaintiff's Counsel's alleged requests for admissions, were allegedly made after he had received discovery material which provided evidence clearly contrary to what was asserted in the alleged requests for admissions,

Plaintiff's Counsel further alleges that Defense tried to avoid deposition at all costs, but in reality Defendants and their Counsel had legitimate cause for postponing the deposition. Defendant Dadabhoy experienced a family emergency and was going to go to Pakistan, but ultimately did not embark upon the journey because he found out his uncle died. (*Declaration of Muquet Dadabhoy*). Defendants' Counsel was in Europe from August to September and Plaintiff's Counsel was very much aware of this. (*Declaration of Amy Ghosh; Declaration of Muquet Dadabhoy*). Importantly, the deposition scheduled for September 30 was unilaterally cancelled by Plaintiff's Counsel without an explanation. (*Declaration of Amy Ghosh*). It seems, based on facts revealed after the fact, that the reason the deposition was cancelled was because Plaintiff had revealed to his attorney that he had settled with Defendants. (*Declaration of Muquet Dadabhoy*).

> *3. Opposing party will not be prejudiced by an order to set aside the admissions because they have been acting in bad faith towards Defendants and their Counsel.*

> **(a)  It is unlikely that the alleged requests for admissions were actually ever made, or that they were mailed on August 9.**

Plaintiff's Counsel has not provided any proof that anything was mailed to or received by Defense.

> **(b) Opposing counsel consciously avoided mentioning any outstanding discovery requests.**

Counsel for Defendants did not receive any requests for admissions from Plaintiff's Counsel, nor any correspondence attempting to meet and confer with regard to any requests for admissions. (*Declaration of Amy Ghosh*).  However, **there were back and forth correspondences between the attorneys for the parties about scheduling an inspection of the Atkinson Care Home Facility, rescheduling the deposition, and the fact that Defendant's Counsel would be out of town**.  (*Exhibit A*).  Not once during these correspondences were any outstanding admissions mentioned by Plaintiff's Counsel.  (*Declaration of Amy Ghosh*).  It should be noted that in one of these correspondences, on or about August 4, Counsel for Plaintiff was given notice that Defendants' Counsel would be out of the country from August 23 to September 7, and therefore unable to take any responsive actions on the matter during that time. *(Exhibit A)*.

Moreover, on or about November 2, Plaintiff's Counsel initiated a telephone call and had a conversation with Defendants' Counsel.  (*Declaration of Amy Ghosh*).  During this conversation opposing counsel was informed that a settlement between the parties had been executed, and Defendants' Counsel requested that the parties and their representatives meet to discuss a settlement.  (*Declaration of Amy Ghosh).*  At no time during this discussion did Counsel for Plaintiff mention that there were any outstanding discovery requests.  (*Declaration of Amy Ghosh).*

**II.    PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IS TECHNICALLY DEFICIENT BECAUSE PLAINTIFF'S COUNSEL DID NOT CONDUCT A PRE-MOTION CONFERENCE WITH DEFENDANTS' COUNSEL ON NOVEMBER 2, 2010, AS HE ALLEGES, PURSUANT TO LOCAL RULE 7-3.**

Local Rule 7-3 provides that counsel contemplating the filing of any motion shall first undertake a conference with opposing counsel by contacting opposing counsel to discuss thoroughly, *preferably in person*, the substance of the contemplated motion and any potential resolution.  Only if the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to effect that the motion is made following the required conference.  (Local Rule 7-3)

> *1. Plaintiff's Counsel did not discuss the substance of the contemplated motion with Defendants' Counsel.*

During this phone call initiated by one of Plaintiff's Counsel Robert Ronne, Counsel completely mischaracterized the honorable judge's instruction at the hearing of November 1, 2010.  (*Declaration of Amy Ghosh*).  He mentioned to Ms. Ghosh that Judge Tucker had alluded to adding causes of actions against Defendants and their attorney, and threatened that he may have to do that.  (*Declaration of Amy Ghosh*).  However, Ms. Ghosh asserted and reminded him that Judge Tucker wanted the parties to engage in further settlement discussion.  (*Declaration of Amy Ghosh*)  The telephone conversation concluded with the understanding that Mr. Ronne was to call the settlement officer Carol Medof and set a date for settlement negotiations.

> *2. Plaintiff's Counsel refused to meet in person to discuss a resolution.*

During the November 2 telephone discussion, Ms. Ghosh also invited Mr. Ronne to meet face-to-face with all the parties and talk about the settlement as instructed by the Court, and he refused this offer to discuss settlement matters.  (*Declaration of Amy Ghosh*).

**III.  THERE ARE GENUINE TRIABLE ISSUES OF MATERIAL FACTS, THEREFORE DEFENDANTS ARE ENTITLED TO HAVE THIS MATTER PROCEED TO TRIAL.**

A court should not grant summary judgment unless the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. (FRCP 56(a)).

Plaintiff does not have a valid claim on the basis of the undisputed facts as there are many material facts that have yet to be determined, and Defendants will submit evidence to prove their case as to the disputed matters. The attached exhibits, consisting of material that were already disclosed to Plaintiffs, along with Defendant Muquet Dadhaboy's declaration, and the rest of the record in this case, provide sufficient evidence to meet the threshold requirement of the burden of production, therefore the trier of fact should decide that Defendants are entitled to have this matter proceed to trial.

A.  Hours Actually Worked

Plaintiff claims that Atkinson Care Home operates 24 hours a day, seven days a week. Plaintiff alleges that he should be compensated for the period of July 29, 2008 through December 2, 2009 as though he were working 24 hours a day, seven days a week, except for a few hours per week. Plaintiff alleges that his only non-work hours were limited to leave "2 or 3 times a week" for "3 or 4 hours" along with a relief of duties for 16 hours approximately every other week. Plaintiff is therefore claiming that he worked between 182 and 188 hours a week, leaving him with only 14 to 20 non-work hours per week.

It is by applying the federal minimum wage to this speculative calculation of hours that Plaintiff is claiming he is entitled to $82,449.18 under the Fair Labor Standards Act, and on the basis of which he claims he is owed unpaid wages amount to $53, 649.18.   However, Defendants will be able to show, if this litigation continues, that although Defendants were legally required to operate the Atkinson Care Home for 24 hours per day, 7 days per week, Plaintiff was only employed to work 40-hours per week. (*Declaration of Muquet Dadhaboy; Separate Statement of*

*Disputed and Undisputed Facts; Exhibits B-D).*  Plaintiff only remained on the premises beyond work hours for non-work-related reasons because that is where he was housed and had access to food. (*Declaration of Muquet Dadhaboy*; *Separate Statement of Disputed and Undisputed Facts; Exhibits B-D*)  Although Plaintiff may have spent most of his non-work time at the Care Home, Defendant can show that Plaintiff was regularly away from the Atkinson Care Home facility where he worked and lived, for non-work related, personal reasons. (*Declaration of Muquet Dadhaboy*; *Separate Statement of Disputed and Undisputed Facts;Exhibits B-D*)

Plaintiff's claim under the California law for overtime compensation also is based on an incorrect calculation of hours worked, claiming that he worked between 182 and 188 hours a week, yielding an overtime calculation of $121,855.42.  Plaintiff's claim that he is owed that amount also does not take into account the cash and check payments he receive in addition to having his housing and living expenses provided for.  Therefore, the proper number of hours to use in the calculation under the federal law and California law are the actual hours worked by Plaintiff, that is, 40 hours each week. This 40-hour work schedule is reflected in his bi-weekly pay stubs, and proof that he was paid for this is available in the form of checks that were cashed by Plaintiff.  (*Declaration of Muquet Dadhaboy*; *Separate Statement of Disputed and Undisputed Facts; Exhibits B-D*).  All of these materials were provided to Plaintiff's Counsel in response to Plaintiff's form interrogatory requests and were in the possession of Plaintiff's Counsel before the requests for admissions were allegedly made.

B.  Amount of Compensation

In June 2003, when the work relationship began, the parties entered into an agreement by which Defendant agreed to provide and Plaintiff agreed to accept housing and living expenses along with $1800 per month as salary.  (*Declaration of Muquet Dadabhoy; Separate Statement of Disputed and Undisputed Facts; Exhibit D*).  Defendants performed their end of the agreement, and

additionally, paid Plaintiff some cash, which would be difficult to account for. (*Separate Statement of Disputed and Undisputed Facts; Exhibits B-D; Declaration of Muquet Dadabhoy*). Plaintiff received the agreed upon compensation and additional payments by cash and check in lieu of regular cash payments for working 40 hours per week for one and a half years at minimum wage. (*Declaration of Muquet Dadabhoy; Separate Statement of Disputed and Undisputed Facts*). **This payment arrangement was done at the request off Plaintiff.** (*Declaration of Muquet Dadabhoy*). That the Defendant was paid in cash is not denied in his complaint, as well as the letter allegedly written to his counsel to dismiss the case.

## CONCLUSION

The undisputed facts in this case do not show that Plaintiff's claim is valid. Movant has failed to show that there are no genuine disputes as to material facts, and the material factual issues, such as the number of hours that Plaintiff actually worked and whether or not Plaintiff was in fact compensated, should be determined at trial. Movant has filed this motion solely based on some purported requests for admissions which were never served on Defendants' Counsel. It is apparent from this motion that Plaintiff's attorneys are not in touch with their client and are continuing to pursue this frivolous claim, against the wishes of the client, resulting in wastage of the valuable time and resources of the Court and Defendants.

WHEREFORE, Defendants pray that in the interest of justice, Plaintiff's Motion for Summary Judgment be denied.

Dated: December 07, 2010

BY: __AMY GHOSH_____
AMY GHOSH, ATTORNEY FOR DEFENDANTS
XYRIS ENTERPRISE, INC; ATKINSON CARE
HOME; MUQUET DADABHOY; TERESITA
CASTANEDA

Opposition to Plaintiff's Motion for Summary Judgment