ROBERT R. RONNE, ESQ. (SBN 092884)
LAW OFFICE OF ROBERT R. RONNE, APC
840 Apollo Street, Suite 307
El Segundo, California 90245
Telephone: (310) 322-1696
Facsimile: (310) 322-3039
E-mail: rrr55@sbcglobal.net

Attorney for Plaintiff Edgardo Seminiano

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EDGARDO SEMINIANO,

Plaintiff,

vs.

XYRIS ENTERPRISE, INC.; ATKINSON CARE HOME; MUQUET DADABHOY; AND TERESITA CASTANEDA,

Defendants.

CASE NO: CV 10-01673-JST (JEMx)

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

DATE: JANUARY 3, 2011
TIME: 10:00 A.M.
COURTROOM: 10A

JUDGE: HONORABLE JOSEPHINE STATON TUCKER

TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:

Plaintiff hereby replies, pursuant to the Federal Rules of Civil Procedure, and L.R. 7-10, to defendants' opposition to Plaintiff's motion for summary judgment on the complaint in favor of Plaintiff Edgardo Seminiano and against Defendants Muquet Dadabhoy, Teresita Castaneda, Atkinson Care Home and Xyris Enterprise, Inc.

Dated: December 13, 2010

LAW OFFICE OF ROBERT R. RONNE, APC

By: ______________________

ROBERT R. RONNE, ATTORNEY FOR PLAINTIFF EDGARDO SEMINIANO

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT.

The thrust of defendants' opposition is, first, that the request for admissions served by Plaintiff on defendants should be ignored as counsel for defendants now disclaims receipt of them; and, second, that Plaintiff's "settlement" with defendants (not approved by this Court) means (inferentially) that Plaintiff has waived the right to receive all money due him under the law.

No merit appearing from either of defendants' arguments, judgment in favor of Plaintiff as requested is warranted.

## II. DEFENDANTS' ASSERTION THAT THEY DID NOT RECEIVE THE REQUESTS FOR ADMISSION SHOULD BE COMPLETELY IGNORED.

As noted in the moving papers, on August 9, 2010, Plaintiff's counsel properly served sets of requests for admissions on each Defendant. (See Exhibits A-D.)

Defendants have a horrible habit of ignoring that which displeases them. There can be no dispute that defendants received, knew of, and failed to respond, to all of the request for admissions well before the time the summary judgment motion at issue here was filed.

For example, Plaintiff's unilateral report (Docket item document 21, filed October 12, 2010), states, at page 4, lines 16-20:

"Before the September 30, 2010 agreed deposition dates, co-counsel for Plaintiff propounded written discovery to defendants, *including requests for admission*[1]. **Defendants did not respond to same.** Said **legally binding admissions by defendants** contain all facts and damages necessary to enter

1 " The originals of said Requests for Admission are with co-counsel, Dennis W. Rihn, *who can bring said documents to any hearing required, if needed, or attach same to any motion for Summary Judgment* which counsel for Plaintiff are ordered to file."

judgment in favor of Plaintiff and against all defendants." (Emphasis added. Footnote quoted at the bottom of page 3).

Even if defendants did not know about the request for admissions (which they most certainly did) before October 12, 2010, why did defendants not then ask about them, seek relief from this Court, or both?

At the November 1, 2010 hearing on the issues raised by the unilateral report, which, as noted, included a discussion of the requests and Plaintiff's intent to file this motion in reliance and based upon them, not one peep was heard from defendants about the alleged "non receipt" of the requests for admission.

During the November 2, 2010 required conference held between co-counsel for Plaintiff (declarant, Dennis Rihn) and counsel for defendants (declarant, Amy Ghosh), Mr. Rihn specifically raised the issue of why counsel for defendants refused to respond to the written discovery (which packet included the requests for admission) propounded by Plaintiff. At that time, defense counsel did not deny receipt of written discovery. (See separately filed declaration of Dennis Rihn). At a time when the alleged "non receipt" of discovery would have been raised by defense counsel, it was not raised.

Now, however, as the bell of judgment is about to toll against defendants, their counsel comes forward and claims to not have been in receipt of the requests for admission.

The state of the evidence is that no credit at all can be given to defense counsel's assertion that defendants "did not receive" the discovery which they failed to answer, and on which this motion is based.

## III. NO LAW OR RULE ALLOWS DEFENDANTS TO FAIL TO PAY PLAINTIFF THE FULL COMPENSATION WHICH HE IS OWED

The "settlement" upon which defendants seem to rely does not avail them at all. The issue raised by defendants presents no impediment to the granting of Plaintiffs's motion. First, no dispute exists that defendants have not received this

Court's approval of the "settlement", as is required. That fact alone is dispositive.

Secondly, while the coercion exerted on Plaintiff by defendants is plain and clear, even should that issue be ignored, to the extent the "settlement" is being used by defendants to infer Plaintiff doesn't want to receive the money he earned, that fact does not assist defendants.

In the *Tony and Susan Alamo Foundation v. Secretary of Labor* case, 471 U.S. 290 (1985), the employer claimed that each of its employees were "volunteer" workers, and therefore no pay was owed them. In support of that position, employees took the stand, one after another, testifying they did not want to be paid.

The Supreme Court held under the FLSA that the right of a worker to receive his or her full pay was paramount, and could not be disclaimed. The Court stated:

> "That the associates themselves vehemently protest coverage under the Act makes this case unusual, but the purposes of the Act require that it be applied even to those who would decline its protections. If an exception to the Act were carved out for employees willing to testify that they performed work 'voluntarily', employers might be able to use superior bargaining power to coerce employees to make such assertions, or to waive their protections under the Act." *Alamo Foundation, supra,* 471 U.S. at 302.

Here, Plaintiff is legally entitled to his full compensation. And, once Plaintiff receives same, he can do what he will with his wage earnings: even returning any amount money he chooses to defendants.

Defendants can not, however, use these Court proceedings to escape their legal obligation to make payment of all monies (which they have now admitted are) owed to Plaintiff.

///
///
///
///

## IV. CONCLUSION

The admissions defendants have made conclusively establish Plaintiff's right to judgment in this action. Accordingly, summary judgment should be granted.

Dated: December 13, 2010

LAW OFFICE OF ROBERT R. RONNE, APC

By: ______________________

ROBERT R. RONNE, ATTORNEY FOR PLAINTIFF EDGARDO SEMINIANO