UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGARDO SEMINIANO,<br><br>Plaintiff,<br><br>vs.<br><br>XYRIS ENTERPRISE, INC.; ATKINSON CARE HOME; MUQUET DADABHOY; and TERESITA CASTANEDA,<br><br>Defendant. | CASE NO. CV 10-1673-JST (JEMx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

1

Plaintiff Edgardo Seminiano filed a complaint against Xyris Enterprise, Inc.; Atkinson Care Home; Muquet Dadabhoy; and Teresita Castaneda (collectively "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 1 et seq., and the California Labor Code, on March 8, 2010. (Doc. 1.) On November 17, 2010, Plaintiff filed a Motion for Summary Judgment. (Doc. 25.) Having considered the papers presented by the parties, the Court GRANTS Plaintiff's Motion.

## I. Background

Plaintiff worked as a caregiver at a residential facility for the sick, aged, and mentally ill from July 29, 2008, to December 1, 2009. (Compl. ¶¶ 7-8, 12.) Defendants owned, operated and were otherwise the joint employers of Plaintiff while he worked as a caregiver at the facility. (*Id.* ¶¶ 3-6, 8-9.) Plaintiff alleges that Defendants required that he work more than 40 hours per week and that he was not properly compensated under the FLSA, because he was not paid the minimum wage, nor was he paid overtime wages. (*Id.* ¶ 14.) Thus, Plaintiff's first cause of action under the FLSA seeks recovery of owed wages, as well as an amount equal to the wages owed to him in the form of liquidated damages. Plaintiff also alleges that Defendants violated the California Labor Code by failing to pay him overtime wages; failing to pay him all his wages at the time of his termination; failing to timely provide Plaintiff with accurate itemized wage statements; and failing to compensate him for missed meal and rest periods. (*Id.* ¶¶ 20-21.)

On August 9, 2010, Plaintiff served Defendants by mail with requests for admission. (Decl. of Dennis W. Rihn ("Rihn Decl.") ¶ 2.) Plaintiff's proofs of service by mail state that the requests were sent to counsel for Defendants Amy Ghosh at the following address: Law Offices of Amy Ghosh, 3255 Wilshire Boulevard, Suite 1530, Los Angeles, CA 90010. (*Id.*, Ex. A at 5; *id.*, Ex. B at 5; *id.*, Ex. C at 5; *id.*, Ex. D at 5.) This is the same address that Defendants' counsel has listed with the Court and has written on Defendants' opposition brief. (Defs.' Opp. to Mot. for Summ. J., Doc 26, at 1.)

Defendants' counsel declared that she "did not receive any discovery requests or request for admissions from Plaintiff's Counsel." (Decl. of Amy Ghosh ¶ 7.)

On November 17, 2010, Plaintiff moved for summary judgment, relying on the unanswered requests for admission, which Plaintiff argues should be deemed to be admitted under operation of law. (Doc. 25.)

**II. Legal Standards**

    **A. Summary Judgment**

In deciding a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual issue is "genuine" when there is sufficient evidence such that a reasonable trier of fact could resolve the issue in the non-movant's favor, and an issue is "material" when its resolution might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248. The moving party bears the initial burden of demonstrating the absence of a genuine issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e).

In a case such as this one, "[w]hen the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal quotation marks and citations omitted) . Thus here, "the moving party has the initial burden of

3

establishing the absence of a genuine issue of fact on each issue material to its case." *Id.* "[A] summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(c)).

**B.  FLSA**

Under the FLSA, a covered employer must pay a "minimum wage" to his employees, 29 U.S.C. § 206(a), and must compensate his employees "at a rate not less than one and one-half times the regular rate at which he is employed" for any work in excess of forty hours per week. *Id.* § 207(a). If the employer violates § 206 or § 207 of the FLSA, the employer must pay the affected employees "their unpaid minimum wages, or their unpaid overtime compensation, as the case may be," as well as an additional equal amount in liquidated damages. *Id.* § 216(b). In addition, "[a]ny person who repeatedly or willfully violates section 206 or 207, relating to wages, shall be subject to a civil penalty not to exceed $1,100 for each such violation." *Id.* § 216(e)(2).

**C.  California Labor Code**

California Labor Code § 1194 allows "any employee receiving less than the legal minimum wage or the legal overtime compensation . . . to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." California Labor Code § 510 states when overtime compensation is required:

> Eight hours of labor constitutes a day's work. Any work in
> excess of eight hours in one workday and any work in excess of
> 40 hours in any one workweek and the first eight hours worked

>on the seventh day of work in any one workweek shall be
>compensated at the rate of no less than one and one-half times
>the regular rate of pay for an employee. Any work in excess of
>12 hours in one day shall be compensated at the rate of no less
>than twice the regular rate of pay for an employee. In addition,
>any work in excess of eight hours on any seventh day of a
>workweek shall be compensated at the rate of no less than twice
>the regular rate of pay of an employee. Nothing in this section
>requires an employer to combine more than one rate of overtime
>compensation in order to calculate the amount to be paid to an
>employee for any hour of overtime work.

Cal. Lab. Code § 510(a). Under § 203 of the California Labor Code, an employer must immediately pay the wages of an employee who is discharged or who quits. *Id.* § 203(a). Additionally, under § 226, an employer must keep accurate records of his employees' labor and prepare and submit to each employee, at least twice a month or at the time of each payment of wages, an itemized statement setting forth, among other things, the number of hours worked by the employee. *Id.* § 226(a). Finally, under § 226.7, if an employer does not provide an employee with a meal period or rest period in accordance with the applicable orders of the Industrial Welfare Commission, "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." *Id.* § 226.7(b).

**III.     Analysis**

Federal Rule of Civil Procedure 36(a)(1) states:

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(a)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.

Fed. R. Civ. P. 36(a)(1).  Under Rule 36(a)(3), if a party fails to respond to a request for admission within 30 days of service, the matter is deemed admitted.  Fed. R. Civ. P. 36(a)(3).  A matter admitted under Rule 36 "is conclusively established" for purposes of the pending action.  Fed. R. Civ. P. 36(b).

Here, Plaintiff submitted proofs of service that he sent requests for admission to Defendants' counsel's office.  (Rihn Decl., Ex. A at 5; *id.*, Ex. B at 5; *id.*, Ex. C at 5; *id.*, Ex. D at 5.)  A proof of service that is properly addressed carries a presumption of receipt.  *Hagner v. United* States, 285 U.S. 427, 430 (1932).  Counsel for Defendants declares that she never received the requests for admission; however, a simple denial of receipt is insufficient to rebut the presumption of receipt created by a properly addressed proof of service.  *See Moody v. Bucknum* (*In re Bucknum*), 951 F.2d 204, 207 (9th Cir. 1991).  "A party claiming nonreceipt must overcome the presumption with clear and convincing evidence."  *Hilton v. Hongisto* (*In re Hongisto*), 293 B.R. 45, 52 (N.D. Cal. 2003) (citing *In re Bucknum*, 951 F.2d at 207)).  Defendants have failed to submit any evidence, other than counsel's declaration, to overcome the presumption of receipt.  Therefore, the Court concludes that Plaintiff's requests for admissions were received by Defendants, and should be deemed admitted under operation of law.  Having reviewed Defendants' admissions, the Court concludes that Plaintiff has established that there are no genuine issues of material

fact.  *See 999 v. C.I.T. Corp.*, 776 F.2d 866, 869-70 (9th Cir. 1985) ("Evidence inconsistent with a Rule 36 admission is properly excluded.").

"Unanswered requests for admissions may be relied on as the basis for granting summary judgment."  *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (citing *O'Campo v. Hardisty*, 262 F.2d 621, 624 (9th Cir. 1958)).  Defendants admit that they employed Plaintiff between July 29, 2008, and December 2, 2009, when he was working as a caregiver at Atkinson Care Home.  (Pl.'s Statement of Facts ¶¶ 1-5.)  Defendants also admit that during this period of time, Atkinson was a licensed residential care facility for the elderly, which operated twenty-four hours a day, seven days per week.  (*Id.* ¶¶ 6, 9.)  These admissions establish that Defendants were employers covered by the FLSA.  *See* 29 U.S.C. § 203(r)(2)(A).  These admissions also establish that Defendants were employers covered by the California Labor Code §§ 203, 226, 226.7, and 510.  *See* Cal. Lab. Code § 200.

Defendants admit that they did not permit Plaintiff to work less than 111 hours during each of the weeks between July 29, 2008, and December 2, 2009.  (Pl.'s Statement of Facts ¶¶ 10-12.)  Defendants admit that they owed Plaintiff $53,649.18 in unpaid minimum wage and overtime compensation under the FLSA.  (*Id.* ¶¶ 15-18.)  These admissions establish that Defendants violated the FLSA by failing to pay Plaintiff pursuant to § 206 and § 207 of the FLSA.  In addition, not only do Defendants admit that they owe Plaintiff liquidated damages in an amount equal to Plaintiff's unpaid damages (*id.* ¶¶ 19-22), but also Defendants' admissions that they violated § 206 and § 207 of the FLSA establish that Defendants owe Plaintiff liquidated damages in the amount of $53,649.18.  *See* 29 U.S.C. § 216.  Finally, Defendants admit that they owed Plaintiff $121,855.42 in unpaid overtime compensation under California law (Pl.'s Statement of Facts ¶¶ 23-26); $4,749.36 in compensation for meal periods not received pursuant to California Labor Code § 226.7 (*id.* ¶¶ 27-30); $2,467.20 for continuing wages pursuant to California Labor Code § 203 (*id.* ¶¶ 31-34); and $4,000 for failure to comply with California Labor Code § 226 (*id.* 35-38).  These admissions establish that Defendants violated California Labor

Code §§ 203, 226, 226.7, and 510.  Therefore, the Court holds that Plaintiff has carried his burden of proof as to his first and second causes of action, by coming forward with evidence "which would entitle it to a directed verdict if the evidence went uncontroverted at trial."  *C.A.R. Transp. Brokerage Co.*, 213 F.3d at 480.

### IV.   Conclusion

For the reasons set forth above, the Court GRANTS Plaintiff's Motion for Summary Judgment.

DATED: January 18, 2011              **JOSEPHINE STATON TUCKER**
                                     UNITED STATES DISTRICT JUDGE