ROBERT R. RONNE, ESQ. (SBN 092884)
LAW OFFICE OF ROBERT R. RONNE, APC
840 Apollo Street, Suite 307
El Segundo, California 90245
Telephone: (310) 322-1696
Facsimile: (310) 322-3039
E-mail: rrr55@sbcglobal.net

DENNIS W. RIHN, ESQ. (SBN 126233)
ATTORNEY AT LAW
215 North Marengo Avenue, Suite 376
Pasadena, CA 91101
Telephone: (818) 265-0525
Facsimile: (626) 396-1555
E-mail: D.Rihn@Att.Net

Attorney for Plaintiff Edgardo Seminiano

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGARDO SEMINIANO,<br><br>        Plaintiff,<br><br>vs.<br><br>XYRIS ENTERPRISE, INC.;<br>ATKINSON CARE HOME;<br>MUQUET DADABHOY; AND<br>TERESITA CASTANEDA,<br><br>        Defendants.<br>_____ | FILE NO: CV 10-01673-JST (JEMx)<br><br>NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEY'S FEES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT R. RONNE; DECLARATION OF DENNIS W. RIHN; DECLARATION OF NEAL J. FIALKO<br><br>DATE: MARCH 21, 2011<br>TIME: 10:00 A.M.<br>COURTROOM: 10A<br><br>JUDGE: HONORABLE JOSEPHINE STATON TUCKER |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on March 21, 2011, at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 10A of the above-captioned Court, located at 411 West Fourth Street, Santa Ana, CA 92701, Plaintiff Edgardo Seminiano and his counsel will, and hereby do, move the Court for an order requiring Defendants Muquet Dadabhoy, Teresita Castaneda, Atkinson Care Home and Xyris Enterprise, Inc., jointly and severally, pay Plaintiff's reasonable attorney's fees in this matter in the amount of $31,943.75, plus, in the discretion of the Court, a percentage enhancement in an amount not to exceed a doubling of the foregoing amount of $31,943.75.

The motion will be made pursuant to Section 216(b) of Title 29 of the United States Code on the ground that Plaintiff Edgardo Seminiano prevailed in this action and the judgment provides that Plaintiff's counsel shall recover reasonable attorney's fees as determined by the Court upon motion.

The motion will be based upon this notice, the attached memorandum of points and authorities, the attached declaration of Robert R. Ronne, the attached declaration of Dennis W. Rihn, the attached declaration of Neal F. Fialko, the attached exhibits, the entire court file in this case, and upon such further evidence and argument as may be presented at or before the hearing on this matter.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place telephonically on January 26, 2011.

Date: January 26, 2011

LAW OFFICES OF DENNIS W. RIHN

By: *D.W.R* (signature)

DENNIS W. RIHN, ATTORNEY FOR
PLAINTIFF EDGARDO SEMINIANO

| | |
|---|---|
| 1 | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| 2 | I. **INTRODUCTION** |
| 3 | On January 18, 2011, the Court granted Plaintiff's motion for summary |
| 4 | judgment and entered judgment accordingly. |
| 5 | The judgment requires defendants, jointly and severally, to pay $133,071.98. |
| 6 | In addition, the judgment provides that Plaintiff's counsel shall recover reasonable |
| 7 | attorney's fees as determined by the Court on motion. |
| 8 | By this motion, Plaintiff and his counsel now seek the award of reasonable |
| 9 | attorney's fees permitted by the judgment. |
| 10 | II. **AN AWARD OF REASONABLE ATTORNEY'S FEE IS REQUIRED** |
| 11 | **BY STATUTE.** |
| 12 | Section 216(b) of Title 29 of the United States Code states in pertinent part: |
| 13 | "Any employer who violates the provisions of section 206 or section 207 of |
| 14 | this title shall be liable to the employee or employees affected in the amount |
| 15 | of their unpaid minimum wages, or their unpaid overtime compensation, as |
| 16 | the case may be . . . The court in such action ***shall***, in addition to any |
| 17 | judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys |
| 18 | fee to be paid by the defendant, and costs of the action." [Emphasis added.] |
| 19 | III. **THE COURT SHOULD AWARD NO LESS THAN THE FULL** |
| 20 | **LODESTAR AMOUNT.** |
| 21 | There is a two-part analysis by which the Court determines the amount of a |
| 22 | statutory award of attorney's fees. |
| 23 | First, the Court calculates a base figure (called the lodestar) by multiplying |
| 24 | the hours worked by the prevailing hourly rate of attorneys with comparable abilities |
| 25 | and reputation performing work of similar complexity. (See *Welch v. Metropolitan* |
| 26 | *Life Insurance*, 480 F.3d 942 (9th Cir. 2007).) |
| 27 | Second, the Court assesses whether an adjustment to the lodestar amount is |
| 28 | appropriate based upon a variety of factors not included in the determination of the |

lodestar amount. (See *Morales v. City of San Rafael*, 96 F.3d 359 (9th Cir. 1996).)

### A. The Lodestar Analysis

The lodestar amount requested in this case is $31,943.75. It is the product of the hours worked by Plaintiff's counsel (minus arguably duplicative or inefficient hours) and the prevailing hourly rate of $475.00. (See Exhibits 1 & 2.)

The number of hours for which reimbursement is sought is conservative. To avoid any suggestion of excessive billing, Plaintiff's counsel deducted from the lodestar calculation many hours which were actually worked. (Declaration of Robert R. Ronne, paragraph 2; Declaration of Dennis W. Rihn, paragraph 5.)

Similarly, the hourly rate sought is appropriate. Plaintiff's attorneys are experienced litigators with substantial expertise in the specialized area of employment law known as "wage and hour" litigation. (Declaration of Robert R. Ronne, paragraphs 5-10; Declaration of Dennis W. Rihn, paragraphs 3-4; Declaration of Neal J. Fialkow, paragraphs 2-5.) The hourly rate sought by this motion is less than what is routinely charged by attorneys of equivalent background and experience. (Declaration of Robert R. Ronne, paragraphs 11-12; Declaration of Dennis W. Rihn, paragraphs 8-9 Declaration of Neal J. Fialkow, paragraph _.)

In addition, both Plaintiff's counsel have previously been awarded attorney's fees at the hourly rate of $475.00. (Declaration of Robert R. Ronne, paragraph 13; Declaration of Dennis W. Rihn, paragraph 7.)

Defendants have only themselves to blame for the attorney's fees incurred in this action. On February 16, 2010, before the case was filed, Plaintiff's counsel invited Defendants to resolve the dispute informally. The correspondence stated in pertinent part:

> "When all amounts are totaled, your liability in this matter will exceed an amount well over $100,000.00. As noted, should we not have heard from you (or, if you have one, your attorney) in a prompt and timely manner which reflects a substantial interest in an early, fair resolution of this matter, and in

no event later than March 1, 2010, we will be forced to bring a court action against you and others seeking all relief to which we are entitled under the law, including potential claims beyond those noted here." (See Exhibit 3.)

Defendants never responded to the correspondence. (Declaration of Robert R. Ronne, paragraph 15.)

### B. The Enhancement Analysis

Although the lodestar amount is presumptively the reasonable fee, the lodestar may be enhanced if exceptional circumstances are established. (See *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 106 S.Ct 3088, 92 L.Ed. 2d 439 (1986).) To determine if a fee enhancement is appropriate, the Court must consider factors not used to calculate the lodestar. In *Morales v. City of San Rafael*, 96 F.3d 359 (9th Cir. 1996), the Ninth Circuit explained:

> "After making [the lodestar] computation, the district court then assesses whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of the *Kerr* factors that are not already subsumed in the initial lodestar calculation." *Id*. at 363-64.[1]

Two factors which may properly be considered in determining the appropriateness of an enhancement thus include "undesirability" and the nature of the relationship with the client. *Id*. at 363-364 (footnotes 8 & 9.).)

In this case, Defendants attempted to escape liability by concealing from the

---

[1] The *Kerr* factors are (1) the time and labor required, (2) **the novelty and difficulty** of the questions involved, (3) the **skill requisite to perform the** legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) **whether the fee is fixed or contingent**, (7) time limitations imposed by the client or the circumstances, (8) **the amount involved and the results obtained**, (9) **the experience, reputation, and ability of the attorneys**, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. (*Morales v. City of San Rafael*, 96 F.3d 359 (9th Cir. 1996) (footnote 8).) The *Kerr* factors subsumed in the lodestar analysis are (1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, (4) the results obtained and (5) the contingent nature of the fee agreement. (*Morales v. City of San Rafael*, 96 F.3d 359 (9th Cir. 1996) (footnote 9).)

Court a purported settlement which was legally impermissible. While engaging in that deception, Defendants (with the assistance of defense counsel) failed to cooperate in discovery and pretrial proceedings.

By engaging in a dishonest course of misconduct, Defendants rendered the case substantially less desirable and interfered with Plaintiff's counsel's relationship with their client. Accordingly, the Court may properly award a fee enhancement.

## IV. CONCLUSION

Plaintiff's attorneys, by virtue of their diligent work, background and experience, achieved an excellent result for the client. In achieving such success, Plaintiff's counsel vindicated important public policies. Under these circumstances, the Court should award attorney's fees in an amount no less than the lodestar amount of $31,943.75, plus in the Court's discretion a fee enhancement not to exceed a doubling of such amount.

Date: January 26, 2011                         LAW OFFICES OF DENNIS W. RIHN

                                               By: _____DWR_____

                                               DENNIS W. RIHN, ATTORNEY FOR
                                               PLAINTIFF EDGARDO SEMINIANO

# DECLARATION OF ROBERT R. RONNE

I, Robert R. Ronne, declare as follows:

1. I am an attorney at law licensed to practice before this Court and all the courts of the State of California. I have personal knowledge of the matters set forth in this declaration. If called and sworn as a witness, I could and would competently testify to everything in this declaration. I make this declaration in support of the instant application for an award of attorneys' fees.

2. I am the president of the Law Offices of Robert R. Ronne, A Professional Corporation. The Law Offices of Robert R. Ronne, A Professional Corporation is one of the two attorneys of record for Plaintiff Edgardo Seminiano in this action.

3. The statement of services attached hereto as Exhibit 1 accurately describes work I personally performed on this case. The information on the statement of services attached as Exhibit 1 was accurately and contemporaneously recorded by me on a daily basis while the information was fresh in my mind, and accurately states the amount of time I spent performing the indicated tasks. The statement attached as Exhibit 1 does not include all the work I performed because I deleted from the invoice entries for services which were arguably duplicative or inefficient.

4. In my opinion, all time reflected on the billing statement Exhibits 1 was reasonable and necessary in order to accomplish the effective and successful prosecution my client's claims to judgment.

5. I graduated from the University of California at Los Angeles in 1977. In the Fall of 1977, I enrolled at Southwestern University School of Law. I graduated first in my class from Southwestern in December of 1979. After taking the February bar examination, I was admitted to the California State Bar on May 30, 1980. I was subsequently admitted to the United States Court of Appeal, Ninth Circuit, and the United States District Court, Central District.

6. I have practiced law continuously since being admitted to the California Bar in 1980. During my more than 30 years in practice, I have handled thousands of case in multiple areas of the law, including countless trials and numerous appeals. I have been in private practice with my own firm continuously since 1984. I am "AV" rated by Martindale-Hubbell.

7. During approximately the last 20 years, the primary emphasis of my practice has been labor and employment litigation, including discrimination, ERISA, and particularly what is commonly called "wage and hour" litigation. I have tried numerous such cases, published articles, and given presentations concerning that area of the law. I believe I have tried to verdict more wage and hour cases than any other attorney in Southern California.

8. Between 1984 and 1986, I served as an Adjunct Professor of Law at Whittier College of Law. I have also served as a faculty member of the Center for Judicial Education and Research of the Judicial Council of California, Summer 2004, Continuing Judicial Studies Program, teaching wage and hour law.

9. From the Spring of 1994 through 2000, I served as an arbitrator for the Los Angeles Superior and Municipal Courts. From 1993 to 2007 I served as a Temporary Judge for the Los Angeles Superior Court.

10. I am a member of the Board of Directors of the South Bay Bar Association, currently serving as an officer (President) of that organization, as well as Chairman of its Employment Law Section.

11. Since January 1, 2008, my regular hourly rate has been $475.00.

12. Since before 2004, I have been familiar with legal fees charged by attorneys in the Los Angeles and Orange County area for legal services in the wage and hour area of law in both a contingent and non-contingent settings. Between 2004 and the present, partners specializing in employment matters (including wage and hour) in non-contingent cases in Southern California routinely charge hourly rates between $400 and $600.00. In my opinion, my skill and experience places the

value of my services at the higher end of range of hourly fees charged by partners at all times between 2004 and the present. Similarly, in my opinion, Mr. Rihn's skill and experience places the value of his services at the higher end of range of hourly fees charged by partners at all times between 2004 and the present. Accordingly, the hourly rates reflected in the statements attached as Exhibit 1 ($475.00 for all dates) are substantially below market rate for comparable hourly work performed by attorneys performing non-contingent work. Indeed, I am aware of many attorneys with less skill and experience than I have who practice as contingency fee lawyers being awarded $475.00, or more, per hour in fee applications after trial.

13. Since 2004, I have been awarded fees at the rate of $425.00 (before 2008) and $475.00 (after January 1, 2008) in many wage and hour cases. Similarly, I have been awarded enhancement multipliers under the lodestar method in other wage and hour cases. The enhancement multipliers I have been awarded ranged from 1.3 to 2.0.

14. To date, I have been paid nothing by anyone to prosecute this matter. I have, however, incurred and advanced costs for my client in this case in an amount exceeding $1,000.00.

15. The document attached as Exhibit 3 is a true and correct copy of a letter I caused to be sent to Defendants on or about February 16, 2010. I never received any response to the monetary demand in that letter.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed in Los Angeles County, California, on January 26, 2011.

ROBERT R. RONNE

-9-
Motion for Award of Attorney's Fees

## DECLARATION OF DENNIS W. RIHN

I, Dennis W. Rihn, declare as follows:

1. I am an attorney at law licensed to practice before this Court and all the courts of the State of California. I have personal knowledge of the matters set forth in this declaration. If called and sworn as a witness, I could and would competently testify to everything in this declaration. I make this declaration in support of the instant application for an award of attorney's fees.

2. I am one of Plaintiff's attorneys of record in this case.

3. I graduated from Loyola Law School *cum laude* in 1986. I was admitted to the California State Bar on December 11, 1986 , and have been practicing in the area of civil litigation continuously since that time.

4. Although I started my career representing lawyers sued in malpractice actions, since 1997, my primary practice area has been wage and hour litigation. My other primary area of practice remains legal malpractice and attorney-client fee disputes. I have tried to verdict numerous wage and hour cases as well as cases involving legal malpractice, attorney-client fee disputes and other torts. I previously argued a wage case before the California Supreme Court concerning a wage and hour issue. During the past several years, I have served as an attorney-client fee arbitrator for the Los Angeles County Bar Associations dispute resolution program.

5. The statement attached hereto as Exhibit 2 accurately reflects work I personally performed on the case, the dates I performed the work, and the time expended performing the described work. The information stated on the statement was accurately and contemporaneously recorded by me on a daily basis while the information was fresh in my mind. The statement attached as Exhibit 1 does not include all the work I performed because I deleted from the invoice entries for services which were arguably duplicative or inefficient.

6. In my opinion, all time spent I spent working on the case, as reflected in Exhibit 2 was necessary in order to accomplish the effective and successful

prosecution my client's claims.

7. I have been awarded attorney's fees in several cases at the hourly rate of $475.00.

8. Based upon my background and experience, I am familiar with market rates for attorneys in the Southern California area, including attorneys who practice in the wage and hour area. I agree with Mr. Ronne that, during the time period this action has been litigated, partners specializing in employment matters (including wage and hour) in non-contingent cases in Southern California have routinely charged hourly rates between $400 and $700.00.

9. In my opinion, Mr. Ronne's skill, experience and outstanding abilities cause him to be one of the best wage and hour practitioners in the State of California. Similarly, in my opinion, my skill and experience are equivalent to those of a partner at a major firm and thus place the value of my services at the higher end of that range. Therefore, in my opinion, the hourly rate of $475.00 per hour requested by this motion is below market rate for both of us.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed in Pasadena, California, on January 26, 2011.

DENNIS W. RIHN

## DECLARATION OF NEAL J. FIALKOW

I, Neal J. Fialkow, declare as follows:

1. I am an attorney at law licensed to practice before this Court and all the courts of the State of California. I have personal knowledge of the matters set forth in this declaration. If called and sworn as a witness, I could and would competently testify to everything in this declaration.

2. I have been practicing law in Southern California continuously since I was admitted to the State Bar of California in 1977.

3. During the past 10 years, my law practice has involved primarily the representation of claimants and class members in wage and hour litigation. In connection with such litigation, I have requested and received statutory awards of attorney's fees. Likewise, while handling such litigation, I have requested and received approval of settlements involving the payment of attorney's fees. Accordingly, based upon my background and experience, I have personal knowledge regarding the standard billing rates for wage and hour attorneys in Southern California.

4. During 2010, partners specializing in employment matters (including class and individual wage and hour cases) in non-contingent cases in Southern California routinely charged hourly rates between $400 and $675.00.

5. In my opinion, in 2010, the prevailing hourly rate in Southern California for wage and hour attorneys having background and experience equivalent to Mr. Rihn's at least $475.00.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed in Pasadena, California, on January 26, 2011.

NEAL J. FIALKOW

-12-

Motion for Award of Attorney's Fees